## JOHN BOYKIN V. STATE

No. 31,503. February 17, 1960

*James J. Shown,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Roberston, Jr., Erwin G. Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder; the punishment, five years.

The deceased had been in a cafe a brief time when the appellant entered. They soon left and were next seen in front of the house where the deceased occupied a room. About 11:30 P.M., they entered the house and went to deceased's room. Other roomers heard them talking but were only able to hear the deceased say that she was getting tired of arguing every week and because it was going to end with one of them getting hurt and she wished he would go back to his wife.

Appellant soon left going through the kitchen and out the back door and started the motor of his car which ran for sometime. Next, the deceased walked through a bedroom and into the kitchen where she stood for a few minutes with her hand on the refrigerator when a pistol was fired outside the kitchen door and the deceased fell to the floor. No weapon was seen or found on the deceased before or at the time she was shot.

Officer Magee testified that he went to the scene of the killing and thereafter he arrested the appellant who delivered to him a .38 pistol and told him that it was the pistol he used to shoot the deceased.

Dr. Coulter testified that he examined the deceased's body and found one gunshot wound one inch to the left of the naval and that internal hemorrhage, as a result of the gunshot wound, was the cause of her death.

Appellant testifying in his own behalf stated that he and the deceased went to his car after they left the cafe; the deceased with a knife in her hand grabbed him by the collar then another person took the deceased out of the car; that he parked his car behind deceased's house and went to her room; that an argument ensued and the deceased with a knife in her hand backed him into the kitchen and out the door to his car, and she continued after him, and he took a pistol from under the car seat, shot her and he left; that at the time he shot the deceased he was in fear of serious bodily injury or death and that he did not intend to injure her.

Appellant called witnesses whose testimony corroborated certain parts of his testimony.

In rebuttal the state introduced portions of appellant's written statement made to an officer in which he admits shooting the deceased and also other parts which corroborate the testimony of the state. The appellant then introduced the remaining parts which corroborated portions of his testimony.

By bill of exception number one, appellant complains of the prosecutor's argument as follows:

"Ladies and Gentlemen of the Jury, regarding defendant's application for a suspended sentence we are opposed to it, and feel that if you give him a suspended sentence

we will give him his pistol back and he will walk out of the Courtroom with you—isn't it the same as giving him a license for a free killing? And who is to be the next victim of a free killing: And may I suggest you nominate or name the next victim of a free killing in Harris County, Texas."

The objection to such argument was on the ground that it was inflammatory, improper, and prejudicial, and not a legitimate discussion of the suspended sentence issue. The objection was overruled and an exception was reserved thereto; and a motion for a mistrial was refused.

The bill shows that the appellant filed an application for a suspended sentence and introduced proof to support it, and the issue of its suspension was submitted to the jury in the court's charge.

There appears no error in the state opposing the suspended sentence, and arguing that if it was suspended he would be free to walk from the court room.

The questions used in the prosecutor's argument directed the jury's attention to the fact that if the sentence was suspended the appellant would have the opportunity after he walked from the court room to again violate the murder law. This argument points out and illustrates to the jury its responsibility in passing on the issue of the punishment and suspension of the sentence. No error is presented.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.